404     APPELLATE COURTS OF ILLINOIS.

Kirkpatrick for use of James v. Schuyler, 247 Ill. App. 404.

---

**Robert M. Kirkpatrick for use of J. A. James, Appellee, v. H. N. Schuyler, Executor of the Last Will and Testament of Isabelle Bacon Whitlocke James, Deceased, Appellant.**

### Gen. No. 8,075.

ESTATES OF DECEDENTS—*liability for wife's funeral expenses as between estates of wife and her husband.* The allowance against the estate of a deceased wife of an undertaker's claim for funeral expenses incurred in her burial is in compliance with Cahill's St. ch. 3, ¶ 71, and is in conformity with a direction of her will for payment of funeral expenses out of her estate, and therefore it is proper not to file the claim against the estate of her husband, who died after her death.

Appeal by defendant from the Circuit Court of Christian county; the Hon. ROY F. DOVE, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

SPRINGSTUN & SPRINGSTUN, for appellant.

A. L. YANTIS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted from an order of the circuit court in Christian county, allowing the claim of Robert M. Kirkpatrick, an undertaker, for

the use of the assignee, J. A. James, against the estate of Isabelle Bacon Whitlocke James, deceased. The claim is for funeral expenses incurred in the burial of the deceased. The deceased died testate leaving a solvent estate, and at the time of her death was the wife of Sydney W. James, who afterwards also died leaving an estate. In her will, which has been probated, the deceased wife provided for the payment of her funeral expenses out of her estate. It is contended, on appeal, that the husband or the husband's estate is primarily liable for the funeral expenses of a deceased wife, and that therefore this claim should have been filed against the estate of the deceased husband, and that the allowance of the claim against the wife's estate was erroneous. The statute makes provision for the filing and allowance of claims for funeral expenses against the estate of any decedent, regardless of whether the decedent is a husband or wife; and it also provides that such claims shall be entitled to precedence in payment as claims of the first class. Smith-Hurd Rev. St. ch. 3, sec. 71; Cahill's St. ch. 3, ¶ 71. The order of the court allowing the claim for funeral expenses against the wife's estate was therefore in compliance with the provisions of the statute, and was also in conformity with the direction given by the deceased wife in her last will and testament. An allowance of a claim against the estate of a deceased wife for funeral expenses is proper. *Gustin for use of Atwood v. Bryden,* 205 Ill. App. 204, 218. Judgment is therefore affirmed.

*Judgment affirmed.*